[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The cross claim defendant moves for summary judgment against CT Page 13399 the cross claim plaintiff. The basis of the motion is that the cross claim plaintiff, in her deposition was asked to state certain opinions, phrased as beliefs, i.e. "do you believe?", concerning allegations of negligence against the defendant in the third party complaint.
Questions of this nature, posed at deposition, are of no use whatsoever and cannot advance or defeat a cause of action. Practice Book § 384 allows summary judgment where "there is no genuine issue as to any material fact". Written admissions, whether by deposition or otherwise, must be admissions of fact. The moving party points out very clearly the fallacy of his own position when, in the brief, the moving party is properly critical of the cross claim plaintiff, the opposing party, stating in the transcript her belief that the third party defendant was "going too fast" rather than to testify to facts
concerning any observed rate of speed of the third party defendant's vehicle.
The rules of evidence are abundantly clear as concerns the admissibility of opinions of lay witnesses. A lay witness must state facts that are within his personal knowledge and not give his opinion, beliefs, concerning ultimate conclusions. See Taitand LaPlant, Connecticut Evidence, § 7.15, P. 167. Although there are some exceptions to this rule, none of the proffered deposition testimony falls within any recognized exception. None of the questions concerning "belief" would be proper questions to be posed at trial, nor would any such proffered answers be admissible in evidence.
The trial of this two vehicle intersection accident will require a full exploration of the factual observations of all of the witnesses, operators and passengers, to enable the trier of fact to arrive at rational conclusions. Such an inquiry cannot be relegated to a mere articulation of inadmissable "beliefs" or opinions of lay persons.
The motion for summary judgment is denied.
L. Paul Sullivan, J.